The Honorable Barbara Horn State Senator Post Office Box 64 Foreman, AR 71836-0064
Dear Senator Horn:
I am writing in response to your request for an opinion on the following question:
 Genoa School District is trying to build a new high school and other related facilities. Would it be legal in Arkansas for Coker Building Co., Inc. to enter into an "At Risk Construction Management Agreement" with the district to manage and construct their project with a Guaranteed Maximum Price written into the agreement?
RESPONSE
I regret that I am unable to offer an opinion on this matter. The term "At Risk Construction Management Agreement" is not recognized in Arkansas law. See Op. Att'y Gen. 2004-176.[1] Consequently, I cannot be certain regarding the particular arrangement contemplated by your question; and this uncertainty in turn dictates that I not speculate regarding the legality of any hypothetical agreement for the construction of a school facility. Numerous factual matters undoubtedly attend this inquiry. And I must note in this regard that I lack both the resources and the authority to act as a fact finder in issuing official opinions.
Regarding the general requirements in connection with the procurement of construction management contracts by school districts, I refer you to A.C.A. § 19-11-801, which states:
 (a) It is the policy of the State of Arkansas and its political subdivisions that state agencies and political subdivisions shall follow the procedures stated in this section, except that competitive bidding shall not be used for the procurement of legal, architectural, engineering, construction management, and land surveying professional consultant services, if:
 (1) State agencies not exempt from review and approval of the Arkansas Building Authority shall follow procedures established by the authority for the procurement of architectural, engineering, land surveying, and construction management services; and
 (2) Institutions of higher education exempt from review and approval of the authority shall follow procedures established by their governing boards for the procurement of architectural, engineering, land surveying, and construction management professional consultant services.
 (b) Public school districts shall negotiate contracts for construction management in the same manner as set forth in subsection (a) of this section, except that a two-thirds vote of the board of directors of a public school district shall not be required for a school district to negotiate a contract for construction management.
A.C.A. § 19-11-801 (Supp. 2003).[2]
In addition, A.C.A. § 19-11-802(d) states:
 (d)(1) A public school district that utilizes construction management services shall encourage construction management firms to submit to the school district annual statements of qualifications and performance data or may request such information as needed for a particular public project.
 (2) The public school district shall evaluate current statements of qualifications and performance data on file with the school district or when submitted as requested whenever a project requiring professional services of a construction manager is proposed.
 (3) The public school district shall not use competitive bidding for the procurement of professional services of a construction manager.
A.C.A. § 19-11-802(d) (Supp. 2003).[3]
Finally, A.C.A. § 19-11-805 states:
 (a) For the basis of negotiations, the state agency or political subdivisions and the selected firm shall jointly prepare a detailed, written description of the scope of the proposed services.
 (b)(1)(A) If the state agency or political subdivision is unable to negotiate a satisfactory contract with the firm selected, negotiations with that firm shall be terminated.
 (B) The state agency or political subdivision shall then undertake negotiations with another of the qualified firms selected.
 (2)(A) If there is a failing of accord with the second firm, negotiations with the firm shall be terminated.
 (B) The state agency or political subdivision shall undertake negotiations with the third qualified firm.
 (c) If the state agency or political subdivision is unable to negotiate a contract with any of the selected firms, the agency shall reevaluate the necessary professional services, including the scope and reasonable fee requirements, again compile a list of qualified firms and proceed in accordance with the provisions of this subchapter.
 (d) When unable to negotiate a contract for construction management, a public school district shall also perform a reevaluation of services in accordance with subsection (c) of this section.
A.C.A. § 19-11-805 (Supp. 2003).
These provisions, which were discussed in another previous opinion concerning construction management agreements for school districts,[4]
require the negotiation of contracts for construction management. The term "construction management" is not defined in this body of law. As I noted in Opinion 2004-176, these Code sections may address some aspects of the scenario that has given rise to your question. But it is advisable for the interested parties to consult with their counsel to identify all applicable requirements.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh
[1] Please note that several bills in the current legislative session address construction management, one of which includes a specific definition of the term to include "at-risk construction management." See
Senate Bill 1092. See also SB 1086. And see SB 1093 (concerning the use of "design build" construction by public school districts).
[2] See HB 1364 of the current legislative session for proposed amendments to this Code section.
[3] See again HB 1364, supra at n. 2.
[4] Op. Att'y Gen. 2004-169.